**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5089

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKEY A. MERICA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, District Judge. (CR-04-15)

Submitted: July 31, 2006          Decided: August 25, 2006

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David I. McCaskey, LAW OFFICE OF DAVID I. MCCASKEY, Staunton, Virginia, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Rickey A. Merica was convicted of conspiracy to distribute 500 grams or more of a mixture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2000), possessing and brandishing a firearm in furtherance of a drug trafficking offense while in the company of Larry Land, in violation of 18 U.S.C. § 924(c) & (c)(1)(A)(ii) (2000), and possessing and brandishing a sawed-off shotgun in furtherance of a drug trafficking offense while in the company of Cynthia Land, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i), and (c)(1)(C)(i) (2000). Merica was sentenced to a total of 619 months' imprisonment.

Merica's sole challenge on appeal is to the sufficiency of the Government's evidence relevant to the first firearm offense. Merica contends the Government did not prove, beyond a reasonable doubt, that he possessed a firearm in furtherance of a drug trafficking offense or that he "brandished" the firearm.

Merica concedes he did not make a Fed. R. Crim. P. 29 motion for judgment of acquittal. Some circuits have held that the failure to file such a motion waives the issue on appellate review. United States v. Carr, 5 F.3d 986, 991 (6th Cir. 1993); United States v. Ward, 914 F.2d 1340, 1346 (9th Cir. 1990). We have not addressed the issue in a published decision. Even assuming, however, that we may review the evidence presented in the instant

case for the first time on appeal, it was more than sufficient to establish Merica's guilt.  Id.

When reviewing a challenge to the sufficiency of the evidence, the evidence presented at trial is taken in the light most favorable to the Government.  Evans v. United States, 504 U.S. 255, 257 (1992).  We consider both circumstantial and direct evidence, "and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  Further, on appellate review, we "may not weigh the evidence or review the credibility of the witnesses."  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  The uncorroborated testimony of a single witness may be sufficient evidence of guilt, even if the witness is an accomplice, a co-defendant, or an informant.  United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

At trial, Larry Land (Land), Cynthia Land, and Angelia Devers, all of whom conspired with Merica to distribute methamphetamine, testified to Merica's involvement in the ongoing conspiracy and use of firearms.  Land testified that Merica provided the methamphetamine he in turn sold to law enforcement officials in each of three controlled purchases.  Land further testified that prior to the second controlled purchase, Merica gave Land the drugs and showed him a .45 caliber pistol.  Land explained

that Merica offered him the pistol as a way to protect the drugs. As this court has repeatedly stated, drug deals frequently involve guns. <u>United States v. Lomax</u>, 293 F.3d 701, 706 (4th Cir. 2002). It is beyond any reasonable dispute that Merica's possession of the pistol that day was "in furtherance of" the drug trafficking offense.

The Government also presented sufficient evidence to show that Merica "brandished" that pistol. As defined in 18 U.S.C. § 924(c)(4) (2000), to "brandish" means "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person. . . ." In discussing why Merica brought the pistol that particular day, Land explained that Merica wanted to ensure Land understood that he was responsible for the purchase money. Merica knew Land used methamphetamine as they frequently used methamphetamine together at Merica's home. Because it is not unreasonable to conclude Merica was concerned that Land would either use some of the drugs prior to selling them, or, alternatively, steal Merica's money, the jury could reasonably infer that Merica showed the pistol to Land in order to intimidate him.

For the foregoing reasons, we affirm Merica's convictions and sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED